# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
U.S. COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,                    16 **CIVIL** 7544 (PGG)

       -against-                                 **<u>JUDGMENT</u>**

EFLOORTRADE LLC; and JOHN A. MOORE,
               Defendant.
-----------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated April 3, 2020, the CFTC'1 request for injunctive relief is granted to the extent that:

A. Defendants Moore and eFloorTrade are permanently restrained, enjoined and prohibited from directly or indirectly:

    1. Failing to keep and produce for inspection records of eFloorTrade's pretrade communications and all commodity interest and related records, in violation of Section 4g(a) of the Act, 7 U.S.C. § 6g(a), and Regulations 1.31(a) and (d), 1.35(a)(3) and (b)(1), 17 C.F.R. §§ 1.31(a), (d), 1.35(a)(3), (b)(1) (2018);

    2. Failing to prepare, immediately upon receipt, a written record of a customer order including account identification and order number, and reflecting the date and time, to the nearest minute, the order is received, in violation of Section 4g(a) of the Act, 7 U.S.C. § 6g(a), and Regulations 1.35(a)(3) and (b)(1), 17 C.F.R. §§ 1.35(a)(3), (b)(1) (2018); and

    3. Failing to diligently supervise the handling of commodity interest accounts and other activities of eFloorTrade's partners, officers, employees and agents in violation of Regulation 166.3, 17 C.F.R. § 166.3 (2018).

B. Defendant Moore is permanently restrained from directly or indirectly making false or misleading statements of material fact to the Commission in violation of Section 6(c)(2) of the Act, 7 U.S.C. § 9(2).

C. Unless eFloorTrade is a party, at all times, to a guarantee agreement with a registered futures commission merchant ("FCM"), pursuant to Regulations 1.10(a)(4) and (j), 17 C.F.R. § 1.10(a)(4), (j) (2018), whereby the registered FCM acting as guarantor is jointly and severally liable for all obligations of

eFloorTrade under the Act and Regulations, Defendant eFloorTrade is restrained, enjoined and prohibited from directly or indirectly:

1. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2018)); and/or

2. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2018)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

3. These restrictions shall remain in place for five years from the date that this Opinion & Order is entered on the docket.

D. Defendant Moore is also restrained, enjoined and prohibited from directly or indirectly:

1. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2018); and/or

2. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2018)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the CFTC except as provided for in 17 C.F.R. § 4.14(a)(9).

3. These restrictions shall remain in place for five years from the date that this Opinion & Order is entered on the docket.

## II. CIVIL MONETARY PENALTY

Defendants shall pay, jointly and severally, a civil monetary penalty in the amount of $80,000, and Moore shall pay, individually, an additional civil monetary penalty of $140,000 ("CMP Obligation"). If the CMP Obligation is not paid immediately, post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Opinion & Order, and shall be determined

by using the Treasury Bill rate prevailing on the date of entry of this Opinion & Order pursuant to 28 U.S.C. § 1961.

Defendants shall pay their CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the CFTC and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, OK 73169

If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Marie Thorne or her successor can be reached at the following telephone numbers and email address: (405) 954-6569 office telephone; (405) 954-1620 office fax; 9-AMC-AR-CFTC@faa.gov. Payment of the CMP Obligation is to be accompanied by a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

Acceptance by the CFTC of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of Defendants' obligation to make further payments pursuant to this Opinion & Order, or a waiver of the CFTC's right to seek to compel payment of any remaining Balance; accordingly, this case is closed.

**Dated:** New York, New York
April 7, 2020

                                         **RUBY J. KRAJICK**
                                         _____
                                             **Clerk of Court**
**BY:**
                                     _____
                                              **Deputy Clerk**